IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FIDEL SALAZAR, )<br>Institutional ID No.01506617, )<br>SID No. 03924280, )<br>    )<br>        Plaintiff, )<br>    )<br>v.   )<br>    )<br>U.T.M.B. CORRECTIONAL MANAGED CARE, )<br>*et al.*, )<br>    )<br>        Defendants. ) | CIVIL ACTION NO. 5:17-CV-313-BQ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred to the undersigned United States Magistrate Judge for pretrial management. Before the court is Plaintiff's "Order to Show Cause for An Preliminary Injunction." ECF No. 4. Based on the relevant filings and applicable law, the motion should be **DENIED**.

#### I.   Statement of the Case

On December 29, 2017, pro se Plaintiff Fidel Salazar, an inmate currently incarcerated at the Formby Unit of the Texas Department of Criminal Justice (TDCJ), filed this action under 42 U.S.C. § 1983. Complaint (ECF No. 1). In his Complaint, Salazar alleges Defendants have refused to adequately treat his Hepatitis C infection by "[r]efusing to provide me with Hep C treatment-cure." *Id.* at 4. Salazar filed the instant "Order to Show Cause for An Preliminary Injunction" seeking an injunction that would require Defendants to treat his "active Hep. C infection with direct acting antiviral drugs." ECF No. 4. The court liberally construes Salazar's motion as one seeking issuance of a preliminary injunction under Federal Rule of Civil Procedure 65.

## II. Discussion

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). The party seeking injunctive relief bears the burden of showing that he is entitled to such an extraordinary remedy. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). To secure an injunction or temporary restraining order, a movant must demonstrate:

1. a substantial likelihood of success on the merits;

2. a substantial threat of irreparable injury if the injunction is not granted;

3. the threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. the injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987). If the movant fails to meet his "heavy burden" on any of the four prerequisites, a preliminary injunction cannot issue. *See Enter. Int'l Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Salazar has not carried his burden with respect to any of the foregoing elements. To establish a likelihood of success on the merits, Salazar must allege and prove that the prison authorities were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1978). Disagreement with a course of treatment, however, does not constitute deliberate indifference to medical needs under the Eighth Amendment. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Similarly, neither negligence nor medical malpractice gives rise to a viable constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, 329–336 (1986); *Estelle*, 429 U.S. at 106; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Based on the limited information supplied thus far by Salazar, his claims, at best, challenge decisions made by TDCJ medical staff to currently forego prescribing a certain type of treatment

2

for his Hepatitis C. According to exhibits attached to Salazar's Complaint, TDCJ medical staff have examined and tested Salazar, reviewed his medical history, and determined that, based upon measurable criteria specific to Salazar, he is not a candidate for the Hepatitis C treatment he seeks. *See* Complaint, at 8. Specifically, the medical staff found that Salazar's test results failed to meet guidelines issued by the Centers for Disease Control for treating Hepatitis C with the "new medications" sought by Salazar. *Id.*

As such, Salazar is attempting to challenge the medical judgment exercised by prison medical staff in determining the appropriate course of treatment—such claims do not rise to the level of a constitutional violation.[1] *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (holding that "decision whether to provide additional treatment 'is a classic example of a matter for medical judgment,'" and does not constitute deliberate indifference); *Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986) (finding "mere claim" by inmate that prison failed to provide a trained physical therapist or a doctor who specialized in treating paraplegia "does not, of itself, state a claim of deliberate indifference"); *King v. Tex. Dep't Criminal Justice*, No: 3:15-CV-1365-N-BH, 2016 WL 8671926, at *2 (N.D. Tex. Jan. 8, 2016) (denying plaintiff's request for preliminary injunction requiring officials to provide certain medications, where plaintiff's mere disagreement with treatment provided by TDCJ officials failed to show substantial likelihood of prevailing on the merits). Because Salazar has not met his burden of demonstrating a substantial likelihood of success on the merits or a substantial threat of irreparable injury if an injunction does not issue, the court should deny his request for injunctive relief. *See Mikkelson v. Adams*, Civ. A. No. H-06-2509, 2006 WL 3499530, at *1–3 (S.D. Tex. Dec. 5, 2006) (denying without prejudice plaintiff's motion for preliminary injunction requiring defendants to provide him "curative

---

[1] As previously noted, liberally construing the Complaint to allege negligence or malpractice similarly fails to state a viable constitutional claim.

[medical] treatment" where plaintiff failed to carry his burden showing claim would succeed and that he faced a substantial risk of irreparable injury if injunction was not granted).

In addition, it is unlikely that Salazar could establish that the grant of an injunction would not have an adverse effect on the public interest. In the prison context, requests for a preliminary injunction must be "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Here, Salazar disagrees with the medical staff's interpretation and application of TDCJ policy that identifies inmates who qualify for specialized Hepatitis C treatment. Any injunction the court issues in this instance would amount to interference with the prison officials' supervision of Salazar, and would thus not serve the public interest. *See Sheptin v. Fleming*, No. 4:02-CV-775-Y, slip op. at 3–4 (N.D. Tex. Jan. 28, 2003) (denying preliminary injunction request where an order directing prison officials to provide plaintiff with specific Hepatitis C treatment for which he did not qualify under defendants' medical criteria would interfere with prison officials' supervision of plaintiff and would not serve the public interest).

The undersigned therefore recommends that Salazar's request for preliminary injunction be **DENIED**.

### III.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court **DENY** Salazar's motion for a preliminary injunction. The magistrate judge will continue the preliminary screening of this case under 28 U.S.C. §§ 1915(e) and 1915A.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

So **RECOMMENDED**.

Dated: January 5, 2018

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE