CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2018 FEB 27  PM 2: 53
LUBBOCK DIVISION

DEPUTY CLERK

| | |
|---|---|
| FIDEL SALAZAR,<br>Institutional ID No.01506617,<br>SID No. 03924280,<br><br>              Plaintiff,<br><br>v.<br><br>U.T.M.B. CORRECTIONAL MANAGED CARE,<br>*et al.*,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:17-CV-313-BQ<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred to the undersigned United States Magistrate Judge for pretrial management. Before the court is Plaintiff's second motion requesting a preliminary injunction. Pl. 2d Mot. for Prelim. Inj. (ECF No. 21). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.   Statement of the Case

On December 29, 2017, pro se Plaintiff Fidel Salazar, an inmate currently incarcerated at the Formby Unit of the Texas Department of Criminal Justice (TDCJ), filed this action under 42 U.S.C. § 1983. ECF No. 1. In his Amended Complaint, Salazar alleges Defendants have refused to immediately treat his Hepatitis C infection with the newest medications, instead choosing to monitor his condition. ECF No. 17, at 3–6. Salazar previously filed an "Order to Show Cause for An Preliminary Injunction" seeking an injunction that would require Defendants to treat his "active Hep. C infection with direct acting antiviral drugs." ECF No. 4. The undersigned recommended that Salazar's motion be denied, and despite his objections to the magistrate judge's Findings, Conclusions, and Recommendation (FCR), the District Court accepted the FCR on January 31,

2018, and denied Salazar's motion for a preliminary injunction.  ECF No. 22.  Before the District Court entered the order denying Salazar's initial motion for injunctive relief, Salazar filed the current motion also seeking an injunction requiring "T.D.C.J. medical to provide [him] with immediate treatment for [his] Hep C with the newest drugs."  Pl. 2d Mot. for Prelim. Inj., at 1.

## II.    Discussion

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). The party seeking injunctive relief bears the burden of showing that he is entitled to such an extraordinary remedy.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  To secure an injunction or temporary restraining order, a movant must demonstrate:

1. a substantial likelihood of success on the merits;

2. a substantial threat of irreparable injury if the injunction is not granted;

3. the threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. the injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987).  If the movant fails to meet his "heavy burden" on any of the four prerequisites, a preliminary injunction cannot issue.  *See Enter. Int'l Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985).

Salazar has not carried his burden with respect to any of the foregoing elements.  In an attempt to establish the four elements necessary to obtain a preliminary injunction, Salazar repeatedly cites and directly quotes an opinion from the United States District Court for the Middle District of Pennsylvania (i.e., *Abu-Jamal v. Wetzel*, 3:16-CV-2000, 2017 WL 34700 (M.D. Pa. Jan.

3, 2017)) in which the court granted plaintiff's preliminary injunction seeking medical treatment for Hepatitis C.  Pl. 2d Mot. for Prelim. Inj., at 2–6. Other than alleging TDCJ officials knew of his serious medical need because of his "Step 1-Step 2 Grievance and prior Hep C treatment" (*id.* at 3), however, Salazar alleges no facts explaining why the Pennsylvania District Court's reasoning, which he merely recites word-for-word, applies to his case or otherwise authorizes injunctive relief. *Compare id.* at 3–6, *with Abu Jamal*, 2017 WL 34700, at \*20.  The few facts that Salazar does provide in the current motion are the same as those the court considered, and found lacking, in the magistrate judge's prior FCR concerning Salazar's initial motion for injunctive relief. *See* Findings, Conclusions, and Recommendation of the United States Magistrate Judge, at 2, Jan. 5, 2018 (ECF No. 9).  Thus, Salazar has again failed to meet his burden.

The undersigned therefore recommends that Salazar's requests for preliminary injunction be **DENIED**.

### III.    Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court **DENY** Salazar's second motion for a preliminary injunction (ECF No. 21).  The magistrate judge will continue the preliminary screening of this case under 28 U.S.C. §§ 1915(e) and 1915A.

### IV.    Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings,

3

Conclusions, and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

So **RECOMMENDED**.

Dated: February 27, 2018

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**