IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FIDEL SALAZAR, | ) | |
| Institutional ID No.01506617, | ) | |
| SID No. 03924280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-CV-313-M-BQ |
| | ) | |
| U.T.M.B. CORRECTIONAL MANAGED | ) | |
| CARE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management.  Before the court is a document filed July 16, 2018, by pro se Plaintiff Fidel Salazar in which he "ask[s] the court not to approve [his] request to dismiss [his] case . . . ."  ECF No. 58.  The undersigned has considered Salazar's motion and the applicable law, and recommends that the motion be **DENIED** for the reasons below.

### I.   Background

Salazar, an inmate currently in the custody of the Texas Department of Criminal Justice (TDCJ), filed this action pursuant to 42 U.S.C. § 1983 on December 29, 2017.  ECF No. 1.  In his Amended Complaint, Salazar alleges that Defendants have deliberately denied treatment for his serious medical condition (i.e., Hepatitis C) by choosing a course of monitoring instead of prescribing new anti-viral medications that could arguably cure his condition.  Am. Compl., at 3–6 (ECF No. 17).  Salazar also claims TDCJ's Hepatitis C treatment policy allegedly follows outdated medical standards, thereby violating the Eighth Amendment.  *Id.*  The undersigned

1

determined that Salazar's claims survived preliminary screening under § 1915 of the Prison Litigation Reform Act, and ordered Defendants (i.e., Melonie Sandoval, J. Parmenter, and UTMB-CMC) to answer. ECF No. 40. In response, Defendants UTMB-CMC and Melonie Sandoval filed motions to dismiss. ECF Nos. 48, 49. Shortly thereafter, on July 2, 2018, citing "safety" concerns for himself and his sister, Salazar notified the court that he is "dismissing [his] Complaint."[1] ECF No. 53 ("I am dismissing my complaint . . . ."). Because Defendants had not yet answered or filed motions for summary judgment, and Salazar's notice voluntarily dismissing his case was self-executing under Federal Rule of Civil Procedure 41(a)(1)(A)(i), the court entered an order on July 6, 2018, notifying the Clerk of Court to terminate Salazar's action in accordance with his notice of dismissal.[2] ECF No. 57. Now before the court, however, is a notice from Salazar filed July 16, 2018, in which he has apparently changed his mind and "ask[s] the court not to approve [his] request to dismiss [his] case . . . but to help [him] help [him]self." ECF No. 58.

## I.    Discussion

### A. Allegations in Salazar's Motion

In his current motion, Salazar explains that he "reacted impulsively" and "irrationally" to what he believes were intimidation tactics from unidentified TDCJ employees designed to make him dismiss his case. *Id.* Salazar alleges that "soon after the Att[orney] Gen[eral] was . . . to answer" the court's June 21, 2018, order,[3] these unidentified individuals allegedly threatened him

---

[1] Salazar identified no basis for his purported fear, and provided no evidence substantiating his claim.

[2] The court reasoned that even though Salazar cited "safety" concerns as the basis of his motion, "whatever his motivation, the court notes that it cannot 'extinguish or circumscribe' his 'absolute and unconditional right to dismiss this action.' *See Int'l Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715–16 (5th Cir. 2006)." ECF No. 57. The order also deemed Defendants' motions to dismiss moot. *Id.*

[3] In its June 21, 2018, order, the court directed the Texas Attorney General to "identify the individual committee members on the CMHCC [Correctional Managed Health Care Committee] responsible for creating, adopting, and/or modifying the current TDCJ Hepatitis C treatment policy," and also ordered that those individuals be served and required to answer in their official capacities only. *See* ECF No. 50.

and accused him of sending a razor blade to a court in Odessa, Texas. *Id.* at 1–2. Salazar also claims that an unnamed "law library supervisor . . . attacked [his] sister [who apparently works for the TDCJ] w/ false accusations." *Id.* at 2. He asserts that this supervisor accused his sister of providing him with "docs off her work computer." *Id.* He further advises the court that his sister "is [his] biggest concern," and that she has recently been diagnosed with cancer and uses her state-employee insurance to pay for treatment. *Id.*

### B. Salazar fails to meet the requirements for relief under Federal Rule of Civil Procedure 60(b).

As discussed in the July 6, 2018, order directing the Clerk of Court to terminate this action, Salazar's notice of dismissal had the effect of completely terminating this proceeding, and this court does not have the authority to simply void the dismissal that has already taken effect. *See* ECF No. 57; *see also Long v. Bd. of Pardons & Paroles of Tex.*, 725 F.2d 306, 306–07 (5th Cir. 1984) (quoting 9 Wright & Miller, *Federal Practice and Procedure*, § 2367 (1971)) ("A voluntary dismissal without prejudice leaves the situation as if the action had never been filed. After a dismissal the action is no longer pending in the court and no further proceedings in the action are proper."). Nevertheless, the Fifth Circuit has recognized that courts retain limited jurisdiction over a voluntarily dismissed action to entertain a subsequent motion for relief under Rule 60(b). *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 360–61 (5th Cir. 2013) ("[A] Rule 41(a)(1)(a) voluntary dismissal without prejudice qualifies as a 'final proceeding.' Accordingly, [plaintiff's] voluntary dismissal is subject to vacatur under Rule 60(b)."); *see also Gonzales v. Franklin*, No. CV 16-00249-BAJ-EWD, 2018 WL 1440217, at *2 (M.D. La. Mar. 22, 2018) (holding courts retain limited jurisdiction over voluntarily dismissed actions to consider Rule 60(b) motions); *Castillo v. Munoz*, No. SA:13-CV-1181-DAE, 2015 WL 1020762, at *1 (W.D. Tex. Mar. 6, 2015)

(noting voluntary dismissals are effective upon filing, but that district courts retain jurisdiction over such voluntarily dismissed actions to entertain Rule 60(b) motions for relief).

A plaintiff may obtain relief from a final judgment under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;[4] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)–(6). Salazar does not allege any mistake on the part of the court, newly discovered evidence, or any other reason that justifies relief.  In his motion, Salazar asserts that his dismissal was not actually voluntary because he "fear[ed his] life safety & freedom [were] in jepordy [sic]." ECF No. 58, at 3.  Thus, liberally construing Salazar's motion, he contends Rule 60(b)(3) entitles him to relief due to misconduct by defendants.

"A Rule 60(b)(3) assertion must be proved by clear and convincing evidence, and the conduct complained of must be such as to prevent the moving party from fully and fairly presenting its case or defense." *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992).  "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).   Here, Salazar concludes that defendants engaged in misconduct (i.e., threats) to prevent him from proceeding with this case, and that he voluntarily dismissed his case because he feared for his life.

---

[4] Salazar's voluntary dismissal cannot be attributed to "mistake, inadvertence, surprise, or excusable neglect." *See Bell v. Hadley*, No. Civ. A. 04-0263-WS-D, 2006 WL 572329, at *1–2 (S.D. Ala. Mar. 7, 2006) (denying Rule 60(b) relief to pro se inmate who sought to revoke his Rule 41(a) voluntary dismissal because he no longer wished to dismiss the suit; inmate's change of mind did not fit within Rule 60(b)(1)).

*See* ECF No. 58. However, he does not specify the names of any individuals that allegedly threatened him, where such individuals are employed, when he received such threats, or how such threats are related to this action. *Id.* Salazar's allegations are at best conclusory and unsubstantiated, and he has failed to provide any evidence, much less clear and convincing evidence, to support such claims. *See Serrato v. Cty. of Los Angeles*, No. CV 10-4786 ABC (AJW), 2012 WL 6952460, at *4 (C.D. Cal. Dec. 5, 2012) (finding plaintiff's statements that he voluntarily dismissed his case because he feared for his life when officers allegedly threatened him with retaliation did not amount to clear and convincing evidence that defendants' alleged misconduct effectively compelled plaintiff to dismiss his case); *see also Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 726–27 (9th Cir. 1991) (quoting *Randall v. Merril Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987)) ("The term 'voluntary' in Rule 41 means that the party is filing the dismissal without being compelled by another party or the court. In other words, it does not mean that other circumstances might not have compelled the dismissal or that the party desired it."). The Fifth Circuit has repeatedly determined that conclusory allegations cannot carry the day. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (noting that conclusory allegations of retaliation are insufficient); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir.1989) (finding conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under § 1983). Moreover, the individuals Salazar alleges threatened him are not defendants in this case—Salazar does not allege that J. Parmenter, Melonie Sandoval, or anyone employed by UTMB threatened him. Instead, Salazar alleges the "Gang investigator" and "his side kick" threatened him and the "law library supervisor" threatened his sister. Thus, Salazar has not shown by clear and convincing evidence that *defendants* engaged in

any misconduct that prevented him from presenting his case, and he has therefore not alleged facts sufficient to warrant Rule 60(b)(3) relief.

Even if the court considers Salazar's motion under the "catch-all" clause (i.e. Rule 60(b)(6)), he is not entitled to relief. "A motion filed pursuant to Rule 60(b)(6) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner*, 308 F. App'x 816, 818 (5th Cir. 2009) (quoting *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)); *see Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)) ("Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."). Salazar has not alleged, much less argued, any facts demonstrating the existence of exceptional circumstances that would warrant the court providing relief in this case. *See McGrew v. McQueen*, 415 F. App'x 592, 597–98 (5th Cir. 2011) (holding prisoner who voluntarily dismissed his case did not present requisite extraordinary circumstance necessary for Rule 60(b)(6) relief). The court is simply not obligated to grant relief based on a plaintiff's mistaken belief that voluntary dismissal is in his best interest. *See Yesh Music*, 727 F.3d at 363 (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)) ("Rule 60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'"). Moreover, Salazar has suffered no manifest injustice because he dismissed his case without prejudice. *See Theaume v. Palito*, Civil Action No. 5:11-CV-72, 2014 WL 2830677, at *4 (D. Vt. Apr. 25, 2014) (finding plaintiff who alleged he irrationally decided to voluntarily dismiss his case under Rule 41(a)(1) did not suffer extreme hardship sufficient to satisfy Rule 60(b)(6) because the dismissal was without prejudice).

## II.     Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge deny Salazar's Motion for Reconsideration.

## III.     Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 24, 2018

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**